IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH A. TAYLOR, on behalf of himself and other similarly situated persons,<br><br>    Plaintiffs,<br><br>V.<br><br>TRUEWATER, LLC, ROBERT DANGER BYRD, SUSAN BYRD, and CHRIS BRITT,<br><br>    Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Keith Taylor ("Plaintiff" or "Taylor"), on behalf of himself and all other similarly situated persons, files this Original Complaint against Truewater, LLC, Robert Danger Byrd, Susan Byrd, and Chris Britt (collective "Defendants"), and shows the Court as follows:

## INTRODUCTION AND SUMMARY

1. This is a collective action lawsuit to recover unpaid overtime wages under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, on behalf of IT professionals employed by Defendants.

2. This is also a lawsuit to recover damages from Defendants' termination of the Plaintiff because he complained about their failure to pay him overtime pay in accordance with the law.

3. Defendants provide various IT services to their clients. In order to do this, they employ IT personnel.

4. Plaintiff is a former IT help desk consultant for the Defendants.

5. Plaintiff seeks to represent a collective action under the FLSA containing "all current and former IT personnel, including help desk and consultants, who were employed by Defendants in any workweek during the past three years, and who were not compensated at one and one half their regular rate of pay for hours worked over 40 in any workweek during this time period" ("the putative collective action members").

6. Defendants incorrectly classified Plaintiff and the putative collective action members as exempt from overtime.

7. Defendants did not keep track of Plaintiff's hours or the hours of similarly situated individuals in violation of the FLSA and its implementing regulations.

8. Because of the misclassification, Defendants failed to comply with the FLSA in a very fundamental way: Defendants did not pay Plaintiff and the putative collective action members one and one half times the regular rate of pay for hours worked over 40 in a workweek.

9. According to its website, "Truewater, with a staff of close to thirty Microsoft Certified engineers, has been helping companies and organization [sic] with IT Services for over 10 years.  We are one of the largest Managed IT Services companies in Houston, Texas."[1]

## THE PARTIES, JURISDICTION AND VENUE

10. Plaintiff Keith Taylor is a natural person residing in Brazoria County, Texas.  He has standing to file this suit.  He was employed by Defendants from approximately February 9, 2011 through May 14, 2012.  His notice of consent is attached as Exhibit A to Plaintiff's Original Complaint.

11. The putative collective action members are all current and former IT personnel, including help desk and consultants, who were employed by Defendants in any workweek during the past three years.

---

[1] http://www.truewater.com/managed_services.html

12. Like the named Plaintiff, these persons were and are engaged in interstate commerce in performing their duties for Defendants.

13. All of the putative collective action members are similarly situated to Plaintiffs and to one another, within the meaning of Section 216(b) of the FLSA.

14. Truewater, LLC ("Truewater") is headquartered at 1208 N. Post Oak, Suite 190, Houston, Texas 77055. Truewater may be served with process through its registered agent, Loren R. Cook & Associates, Ltd., LLP, 790 West Sam Houston Parkway N, Suite 202, Houston, TX 77024.

15. Defendants Robert Danger Byrd, Susan Byrd, and Chris Britt, are the owners of Truewater. They are all natural persons who reside in this district. These individual defendants possessed the power to hire and fire employees; supervised or controlled employee work schedules or conditions of employment; determined the rate or method of payment for employees and maintained employee records. They may be served with process at 1208 N. Post Oak, Suite 190, Houston, Texas 77055.

16. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.

17. The Court has subject matter jurisdiction over this case based on federal question jurisdiction because Plaintiffs base their claims on federal laws, specifically the FLSA.

18. The Court has venue over this matter because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district, many of the unlawful employment practices alleged in this case occurred in this district, and there are employment records relevant to Plaintiff's claims maintained and administered by Defendants in this district. 28 U.S.C. § 1391(b); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(3).

## FACTUAL BACKGROUND

19. Plaintiff and putative collective action members worked for Defendants as so-called IT engineers, although they have and had different titles. Mainly, their role was to assist clients of Truewater by installing, configuring, and troubleshooting computer applications, networks, and hardware. They were not programmers or coders. Some work at a call-in help desk. Some work in a place called the "Network Operations Center." Some travel in the field to client sites.

20. The primary duty of Plaintiff and putative collective action members did not involve the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications.

21. Nor did (or does) the primary duty of the Plaintiff and putative collective action members include the design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications.

22. Nod did (or does) the primary duty of the Plaintiff and putative collective action members include the design, documentation, testing, creation or modification of computer programs related to machine operating systems.

23. Nod did (or does) the primary duty of the Plaintiff and putative collective action members include a combination of duties described in the three preceding paragraphs.

24. Sometimes the Plaintiff was paid an hourly rate and sometimes he was paid a salary. Regardless, he is not subject to any exemption under the FLSA.

25. Some putative collective action members were paid an hourly rate, and sometimes they were paid a salary; and sometimes they were paid one or the other or a combination of both. Regardless, they are not subject to any exemption under the FLSA.

26. Plaintiff and putative collective action members typically work (and worked) more than 40 hours in a workweek.

27. When they worked more than 40 hours in a workweek, Defendants did not pay Plaintiff and putative collective action members overtime and one and one half times their regular rate of pay.

28. Plaintiff complained to Chris Britt and Mike Long about the failure to pay him overtime as required by the law.  He was terminated shortly thereafter.

29. At the termination meeting, Plaintiff was first told that he was fired for walking off the jobsite.  Later, when Plaintiff established that this was not correct, this reason was struck from the separation notice.

30. Then, Plaintiff was told that he was terminated because he was not at a scheduled client meeting.  Later, when Plaintiff established that this too was not correct, this reason was struck from the separation notice.

31. A third (and pretextual reason) was later proffered.

## COUNT ONE:  UNPAID OVERTIME UNDER FLSA

32. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay."  29 U.S.C. § 207(a)(1).

33. The FLSA has several exemptions, but no exemption applies to the facts of this case.

34. The FLSA has a two-year statute of limitations, which can extend an additional year in the case of a "willful violation" of the Act.  29 U.S.C. § 255(a).

35. This lawsuit seeks damages for Plaintiffs and the putative collective action members from June 13, 2009, to the present.

36. All conditions precedent, if any, to this suit, have been fulfilled.

37. At all material times, Plaintiffs were employees under the FLSA.  29 U.S.C. § 203(e).

38. At all material times, the putative collective action members were similarly situated to the Plaintiff and to each other and were and are employees under the FLSA.  29 U.S.C. § 203(e).

39. At all material times, Defendants were and are eligible and covered employers under the FLSA.  29 U.S.C. § 203(d).

40. Plaintiffs and the putative collective action members worked some workweeks in excess of 40 hours per seven-day workweek from June 13, 2009, to the present.

41. At all material times, Plaintiff and the putative collective action members were and are entitled to overtime compensation at one and one-half times the regular rate of pay.  29 U.S.C. § 207(a)(1).

42. Defendants failed to pay Plaintiff and putative collective action members overtime compensation and one and one-half times their regular rate of pay for all hours worked over 40 in a seven-day workweek.

43. Defendants' violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a).

44. Defendants have not made a good faith effort to comply with the requirements of 29 U.S.C. § 260.  Accordingly, Plaintiffs and the putative collective action members are entitled to liquidated damages.

45.     Where, as here, Plaintiffs and the "employers' actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007).

46.     Accordingly, Plaintiffs seek to represent a class under 29 U.S.C. § 216(b) on behalf of "all current and former IT personnel, including help desk and consultants, who were employed by Defendants in any workweek during the past three years, and who were not compensated at one and one half their regular rate of pay for hours worked over 40 in any workweek during this time period."

**COUNT TWO: FLSA RETALIATION AGAINST TRUEWATER AND CHRIS BRITT**

44.     Firing an employee for complaining in good faith about their employer's apparent FLSA violation violates the FLSA's anti-retaliation provision, 29 U.S.C. § 215.

45.     The U.S. Supreme Court has recently held that verbal intra-company complaints, such as the one made by Taylor during his employment with Defendants, are protected from retaliation under 29 U.S.C. § 215(a)(3). *Kasten v. Saint-Gobain Performance Plastics*, 131 S. Ct. 1325 (2011).

46.     29 U.S.C. § 216(b) states that any employer who violates the provisions of section 215(a)(3) shall be liable for such legal or equitable relief as may be appropriate, "including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." *Id.*

47.     The termination of Plaintiff was pretextual.

**DAMAGES AND PRAYER**

48.     WHEREFORE, PREMISES CONSIDERED, Plaintiff asks that the court issue citation for Defendant to appear and answer, and that Plaintiff and putative collective action members be awarded a judgment against Defendants for the following:

      a.      Actual damages in the amount of unpaid overtime wages;

      b.      Liquidated damages under the FLSA;

      c.      Pre-judgment and post-judgment interest;

      d.      Court costs;

      e.      Reasonable attorneys' fees;

      f.      Lost wages;

      g.      Liquidated damages for lost wages; and

      h.      All other relief to which Plaintiffs and those similarly situated to Plaintiffs (the putative collective action members) are entitled.

Respectfully submitted,

*/s/ Charles A. Sturm*_____
Charles A. Sturm
Attorney-in-Charge
Texas Bar No. 24003020
Federal Bar No. 21777
STEELE STURM, PLLC
Bank of America Center
700 Louisiana, 48th Floor
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]
csturm@steelesturm.com

COUNSEL FOR PLAINTIFF KEITH TAYLOR

**OF COUNSEL:**
STEELE STURM, PLLC
Michael Samford
Texas Bar No. 17555650
Federal Bar No. 59171
Bank of America Center
700 Louisiana, 48th Floor
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]
msamford@steelesturm.com

OBERTI SULLIVAN LLP
Edwin Sullivan
Texas Bar No. 24003024
Federal Bar No. 24524
723 Main Street, Suite 340
Houston, Texas 77002
(713) 401-3555 [Telephone]
(713) 401-3547 [Facsimile]
ed@osattorneys.com