IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH A. TAYLOR, on behalf of himself and other similarly situated persons, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO.  4:12-CV-02489 |
| TRUEWATER, LLC, ROBERT DANGER BYRD, SUSAN BYRD, and CHRIS BRITT, | § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISQUALIFY COUNSEL**

1. **INTRODUCTION**

The Court should deny Defendants' Motion to Disqualify Charles Sturm and Steele Sturm, PLLC from representing Mr. Taylor.  Sturm spent an hour, at no cost, giving some advice to Defendants regarding the very narrow issue of the enforceability of a noncompetition provision in a different employee's agreement with Truewater.  As the Declaration of Robert Byrd makes clear (which is the sole evidence offered in support of the motion), Sturm provided no counseling whatsoever concerning the Fair Labor Standards Act—the sole subject of this lawsuit.  There is not even an allegation by Mr. Byrd that the issue of overtime or the FLSA ever came up in the prior representation.

Rather, Defendants' motion is based entirely on the premise that the *noncompetition provision in Mr. Taylor's employment agreement will be litigated in this case*.  But that premise is demonstrably false.  Taylor has not asserted any claim in this matter based on his employment agreement and Truewater has not filed any counterclaim (nor could it for reasons explained

below).  This "conflict" has been completely manufactured by the Defendants.  Their motion should be denied.

2. **ARGUMENT**

Plaintiff agrees with the Defendants' discussion of the legal standard and the relevant legal authorities governing a motion for disqualification, so Plaintiff will not repeat them. (Defs.' Mot. to Disqualify at 8-11.)  Plaintiff also agrees that the "key question" is whether this matter is "substantially related" to the prior representation, which requires the Defendants to prove that "the prior representation concerns the ***particular practices and procedures which are the subject matter of [this] suit***." (*Id*. at 10, internal citations and quotations omitted, emphasis added.)

   a. **The Particular Practices And Procedures At Issue In this Case Are Entirely Different from Those That Were the Subject of the Prior Representation.**

This case concerns solely whether the Defendants complied with the Fair Labor Standards Act.  Plaintiff's pleadings assert no claims under state law, and make no reference to or claim under Taylor's employment agreement with Truewater.

The prior representation, by Defendants' own admission, concerned counseling regarding the enforceability of the ***noncompetition provisions*** in a ***different employee's*** employment agreement.  (*See* Decl. of Robert Byrd, attached as Ex. 1 to Defs.' Mot. to Disqualify, at ¶¶ 2-5.)  According to the Defendants, the prior representation involved an approximately one-hour free consultation concerning "the structure of Truewater's employees and other related employment issues, including the Pense Agreement, as well as issues relating to classifications as employees, independent contractors and limited partners generally and pros and cons of certain agreements and structures that are directly relevant to Truewater's current dispute with the plaintiff, Taylor." (*Id*. at ¶ 5.)  Although Mr. Byrd uses the phrase "classification" in his declaration, it is clear that he means the prior representation involved a discussion regarding under what circumstances

someone should be classified as an *employee versus an independent contractor*.  He does not state in his declaration that there was any discussion whatsoever concerning the *misclassification* of employees as being *exempt from overtime pay under the FLSA*, because that subject never came up (and Steele Sturm would never have taken this case if it had).  If the prior representation had involved such a discussion, Mr. Byrd could easily have said so unequivocally in his declaration.  The fact that the declaration does not allege that the prior representation involved the subject of Truewater's overtime practices generally, or the FLSA in particular, is fatal to its motion.

      **b.  The Fact That Taylor Signed a Noncompetition Agreement Does Not Make this Case Substantially Similar to the Prior Representation**.

The sole basis for Defendants' assertion that this case is substantially related to the prior representation is the fact that "Pense [the subject of the prior representation] and Taylor signed noncompetition and nonsolicitation agreements containing identical provisions." (Defs.' Mot. to Disqualify, at 11.)  But Defendants make no attempt to explain how this fact—that Taylor signed an agreement identical to another employee—is at all relevant to this FLSA case.  Instead, Defendants simply assume, without any citation to the record or to any authorities, that this issue will be the subject of this suit.  As already noted, Taylor has not asserted any claims in this case based on his employment agreement and Truewater has asserted no counterclaims.

Nor could Truewater assert in this case any breach of contract claims based on the noncompetition provisions in Taylor's employment agreement.  The Fifth Circuit has consistently held that such counterclaims are impermissible in an FLSA case. It did so most recently in 2010 in *Martin v. PepsiAmericas, Inc.*, in which it said this:

> Generally speaking, courts have been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it, ***or for damages the***

> *employee's tortious conduct allegedly caused.* See *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), rev'd on other grounds by *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988); *see also Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983) ("[T]he purpose of the present action is to bring Pointon into compliance with the Act by enforcing a public right. To permit him in such a proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process. Pointon is free to sue his employees in state court . . . .")
>
> . . . .
>
> In *Heard*, we said that set-offs ***and counterclaims are inappropriate in any case brought to enforce the FLSA's*** minimum wage and ***overtime provisions***. In that case, the Secretary of Labor sued an employer to enjoin it from withholding base and overtime wages from employees. *Heard*, 491 F.2d at 2. After finding a willful FLSA violation, the district court ordered the employer to pay its employees back wages, but permitted a set-off for the value of goods the employer had furnished to its employees. *Id*. This court reversed, stating that "[t]he federal courts were not designated by the FLSA to be either collection agents or arbitrators for an employee's creditors." *Id*. at 4. ***Noting that the only function of the federal judiciary under the FLSA "is to assure to the employees of a covered company a minimum level of wages," we said that "[a]rguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act." Id. And we observed that "[t]he only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter [FLSA] proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act." *Id*.***; *see also Pointon*, 717 F.2d at 1323 (declining to address employer's counterclaim for tortious sabotage in employee's FLSA suit); *Hodgson v. Lakewood Broad. Serv.*, 330 F. Supp. 670, 673 (D. Colo. 1971) (declining to allow set-off or counterclaim against Secretary for employee's breach of employment contract).

628 F.3d at 740-41 (emphasis added).

Thus, it is not even theoretically possible for the subject of the prior representation—the enforceability of the noncompetition provision in Truewater's employment agreements—to be a

4

subject of this case. That Truewater subjectively believes it to be an issue "and directly relevant" to this case does not make it so.

3. **CONCLUSION**

This case is about whether Truewater violated the FLSA and Plaintiff's counsel's representation of Taylor is limited to this case. There are no claims by either side concerning the enforceability of the noncompetition clause in Truewater's employment agreements. Nor would such a claim be permissible in this case. Defendants' motion should be denied.

                                          Respectfully submitted,

                                          */s/ Charles A. Sturm*_____
                                          Charles A. Sturm
                                          Attorney-in-Charge
                                          Texas Bar No. 24003020
                                          Federal Bar No. 21777

**OF COUNSEL:**
STEELE STURM, PLLC
Michael Samford
Texas Bar No. 17555650
Federal Bar No. 59171
Bank of America Center
700 Louisiana, 48th Floor
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]
msamford@steelesturm.com

OBERTI SULLIVAN LLP
Edwin Sullivan
Texas Bar No. 24003024
Federal Bar No. 24524
723 Main Street, Suite 340
Houston, Texas 77002
(713) 401-3555 [Telephone]
(713) 401-3547 [Facsimile]
ed@osattorneys.com

                                    STEELE STURM, PLLC
                                    Bank of America Center
                                    700 Louisiana, 48th Floor
                                    Houston, Texas 77002
                                    (713) 659-2600 [Telephone]
                                    (713) 659-2601 [Facsimile]
                                    csturm@steelesturm.com

                                    COUNSEL FOR PLAINTIFF KEITH TAYLOR

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on this 12th day of October, 2012, upon the following counsel through the CM/ECF system:

E. Michelle Bohreer
BOHREER & ZUCKER LLP
1601 Westheimer
Houston, Texas 77006
 (713) 526-8105 [Facsimile]

**COUNSEL FOR DEFENDANTS**

/s/  *Charles A. Sturm*
Charles A. Sturm