IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KEITH A. TAYLOR, on behalf of himself and other similarly situated persons,<br><br>　　　　Plaintiffs,<br><br>V.<br><br>TRUEWATER, LLC, ROBERT DANGER BYRD, SUSAN BYRD, and CHRIS BRITT,<br><br>　　　　Defendants. | CIVIL ACTION NO. H-12-2489 |

## ORDER

Before the Magistrate Judge upon referral from the District Judge is Defendants' Motion to Disqualify Counsel (Document No. 10).  In that motion, Defendants seek an Order disqualifying Plaintiff's current lead counsel, Charles A. Sturm, of the law firm of Steele Sturm PLLC, on the basis that he provided Defendants with legal advice about an employment matter concerning an employee that would fall within the class of employees Plaintiff seeks to represent in this FLSA case. According to Defendants, they sought legal advice from Charles A. Sturm about a noncompete and confidentiality agreement they had with one of its employees, David Pense, on or about March 7, 2012.  At that meeting, Defendants claim they discussed with Mr. Sturm "the structure of Truewater's employees and other related employment issues, including the Pense Agreement, as well as issues related to classifications as employees, independent contractors and limited partners generally and pros and cons of certain agreements and structures that are directly relevant to Truewater's current dispute with the plaintiff, Taylor." Declaration of Robert Danger Byrd, Exhibit 1 to Defendants' Motion to Disqualify (Document No. 10). Defendants seek an Order disqualifying Sturm and his lawfirm under Rules 1.05 and 1.09 of the Texas Disciplinary Rules of Professional

Conduct. In response to the motion, Plaintiff states that Sturm provided Defendants with no advice about the FLSA, or any issues attendant thereto, that the non-compete agreement about which advice was sought and provided has no relation to the overtime issues in this case, and that Plaintiff's noncompete and confidentiality agreement with Defendants is not at issue in this case.

Attorneys practicing before this Court must adhere to the Texas Rules of Professional Conduct.[1] Rule 1.09, Conflict of Interest, provides:

> (a) Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client:
>
>> (1) in which such other person questions the validity of the lawyer's services or work product for the former client;
>>
>> (2) if the representation in reasonable probability will involve a violation of Rule 1.05.
>>
>> (3) if it is the same or a substantially similar matter.

TEX. R. PROF. CONDUCT 1.09. The key portion of Rule 1.05 prohibits an attorney from using confidential information obtained from a former client against them. TEX. R. PROF. CONDUCT 1.05(b)(2). In determining whether the matters are "substantially related" the Court must apply a two prong test. *In re American Airlines*, 972 F.2d 605, 614 (5th Cir. 1992), *cert. denied*, 507 U.S. 912 (1993). First, the moving party must prove an actual attorney-client relationship. *Id.* Second, the moving party must prove a "substantial relationship" between the subject matter of the previous relationship and the current dispute. *Id.* It is the movant's burden to establish both prongs. *Id.* at

---

[1] Under the Local Rules of this District, "the minimum standard of practice shall be the Texas Disciplinary Rules of Professional Conduct." The Court is, however, "not limited by that code." Appendix A to Local Rules, "Rules of Discipline United States District Court Southern District of Texas" at Rule 1A, 1B.

2

614; *NCNB Tex. Nat'l Bank v. Coker*, 765 S.W.2d 398, 400 (Tex. 1989) (the movant is required "to establish a preponderance of the facts indicating a substantial relation between the two representations").

Here, Plaintiff does not dispute that an attorney client relationship arose from Defendants' meeting with Mr. Sturm on March 7, 2012. What the parties do dispute is whether this action is substantially related to the matters made the basis of the March 7, 2012 meeting. Defendants claim that this action is "substantially related"; Plaintiff claims that it is not.

In this case, Plaintiff Keith A. Taylor, on behalf of himself and similarly situated others, alleges that Defendants "incorrectly classified Plaintiff and the putative collective action members as exempt from overtime." Complaint (Document No. 1) at 2. Given those allegations of employee misclassification, Defendants' meeting with Mr. Sturm, at which Defendants attest they discussed "classifications as employees, independent contractors and limited partners generally and pros and cons of certain agreements and structures that are directly relevant to Truewater's current dispute with the plaintiff, Taylor," appears to have covered issues that are related to this case. But is it whether they are "*substantially* related" that is key, and a "substantial relationship may be found only after the moving party delineates with specificity the subject matters, issues and causes of action common to the prior and current representations and the court engages in a painstaking analysis of the facts and precise application of precedent." *American Airlines*, 972 F.2d at 614 (internal quotation omitted).

It cannot be ascertained from Plaintiff's allegations the exact type of "mis-classification" that is at issue in this case. It also cannot be ascertained from Defendant Byrd's affidavit the entire scope of Defendants' discussions with Mr. Sturm about Defendants' "classifications." Without knowing

3

if the classifications at issue in this case are substantially related to the classifications discussed with Mr. Sturm at the March 7, 2012 meeting,[2] Defendants have not met their burden of showing that this matter is substantially related to the matter for which they sought Mr. Sturm's advice on March 7, 2012. *See e.g., OneBeacon Ins. Co. v. T. Wade Welch & Assoc.*, 2012 WL 393309 (S.D. Tex. 2012) (Miller, J.) (finding prior work by attorney not substantially related to pending case); *M-I LLC v. Stelly*, 2010 WL 2196281 *6-7 (S.D. Tex. 2010) (Ellison, J.) (denying motion to disqualify where evidence relied on by movant was "too vague for the Court to conclude that the matters are substantially related"). As such, at this time, and on this record, it is

ORDERED that Defendants' Motion to Disqualify Counsel (Document No. 10) is DENIED, but without prejudice to being re-urged if accompanied by more specific evidence of the topics, discussions, and classifications addressed at the March 7, 2012 meeting between Defendants and Mr. Sturm.

Signed at Houston, Texas, this 7th day of November, 2012.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

---

[2] In particular, employee classifications for exemption purposes under the FLSA are significantly different than classifications for purposes of employee/independent contractor status.