UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH A. TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-2489 |
| | § | |
| TRUEWATER, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is the Motion to Dismiss (Doc. 8) and Brief and Memorandum of Law in Support of Defendants' Motion to Dismiss (Doc. 9) filed by Truewater, LLC ("Truewater"), Robert Danger Byrd ("R. Byrd"), Susan Byrd ("S. Byrd"), and Chris Britt ("Britt") (collectively, "Defendants"). Plaintiff Keith A. Taylor ("Taylor") has filed a Response (Doc. 16) in opposition.

Having considered the parties' arguments, the record in the case, and the applicable law, the Court concludes that the motion should be denied.

**I.    Background**

On February 9, 2011, when Taylor began his at-will employment with Truewater, he signed a Proprietary Information, Inventions, Non-Disclosure, Non-Competition and Non-Solicitation Agreement (the "Non-Solicitation Agreement," Doc. 10-3). (S. Byrd Decl. ¶ 2, Doc. 9-1). Therein, "in consideration of [his] employment," Taylor

> irrevocably agree[d] that the exclusive forum for any suit, action, or other proceeding arising out of or in any way related to [the Non-Solicitation] Agreement shall be in the state or federal courts in Texas, and … agree[d] to the exclusive personal jurisdiction and venue of any court in Harris County, Texas and waive[d] any defense thereto.

(Doc. 10-3 ¶ 13.2). Two days later, on February 11, 2011, Taylor signed a stand-alone Arbitration Policy Statement (the "Arbitration Agreement," Doc. 9 Ex. 1-A), agreeing to "waive all rights to a civil court action regarding [his] employment and the termination of [his] employment with Truewater," and agreeing that "only the arbitrator, and not a judge nor [sic] a jury, [would] decide the dispute."

On August 20, 2012, Taylor filed his Complaint (Doc. 1), stating claims against Truewater and its owners, R. Byrd, S. Byrd, and Britt, for unpaid overtime and retaliation under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219. Defendants now move to dismiss Taylor's case, arguing that, under the terms of the Arbitration Agreement, the proper method of dispute resolution is not by litigation in this Court, but by arbitration.

## II. Discussion

In determining whether the parties' dispute is subject to arbitration, the Court must consider two issues: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 205 (5th Cir. 2012) (internal quotation marks omitted). Because Taylor does not challenge the applicability of the Arbitration Agreement to the Defendants or to his FLSA claims, (Doc. 16 at 1-2), the only remaining issue is whether there is a valid agreement to arbitrate.

In determining whether the Arbitration Agreement is valid, the Court applies ordinary state-law principles governing the formation of contracts. *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 301 (5th Cir. 2004). In Texas, "[a]t-will employment does not preclude formation of other contracts between employer and employee, so long as neither party relies on continued employment as consideration for the contract." *J.M. Davidson, Inc. v. Webster*, 128

S.W.3d 223, 228 (Tex. 2003). For example, "*mutual* promises to submit *all* employment disputes to arbitration constitute[ ] sufficient consideration, because both parties [are] bound to the promises to arbitrate." *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 228 (Tex. 2003) (emphases added). If, however, the employer reserves the right to unilaterally amend or abolish an arbitration agreement without including a "savings clause," or only the employee promises to arbitrate, then the employer's promise is illusory and there is no mutuality of obligation; consequently, there is not a valid or enforceable agreement. *In re 24R, Inc.*, 324 S.W.3d 564, 566-68 (Tex. 2010).

In this case, the latter situation applies: only Taylor signed the Arbitration Agreement promising to arbitrate, and only Taylor's rights were affected by it. In contrast to the Non-Solicitation Agreement, which allows Truewater to litigate any disputes arising therefrom, (*see* Doc. 10-3 ¶ 13), the Arbitration Agreement applies only to Taylor's potential grievances. Specifically, it discusses the following: "claims of unlawful termination based on race, sex, age[,] national origin, disability, breach of contract or any other bias prohibited by law" and "claims of unlawful discrimination or harassment under federal or state statutes." (Doc. 9 Ex. 1-A). Although the Arbitration Agreement does contain some broad, ambiguous language, e.g., "that arbitration is the exclusive remedy for *all* disputes arising out of or related to [Taylor's] employment with Truewater," a reading of the entire document makes its intent clear enough: that "no … action can be brought *by employees* in any court or any forum." (Doc. 9 Ex. 1-A) (emphases added).

As it turns out, then, the Arbitration Agreement is not an agreement at all. On the contrary, it is merely a promise by an employee not to file an employment action in court, and,

without some form of consideration, such as a reciprocal, binding promise from the employer, that promise cannot be enforced.

### III. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion to Dismiss (Doc. 8) is **DENIED**.

SIGNED at Houston, Texas, this 22nd day of August, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE